## DOUGLASS v. LEHMAN.
### No. 5818.

Court of Appeals of the District of Columbia.
Argued June 7, 1933.
Decided June 26, 1933.
Rehearing Denied Sept. 25, 1933.

VAN ORSDEL, Associate Justice, dissenting.

---

George E. Sullivan, of Washington, D. C., for appellant.

George C. Gertman, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

This is an appeal from a final decree of the Supreme Court of the District of Colum-bia. In the court below appellee was plaintiff and appellant defendant.

Plaintiff is the owner of premises known as 420 East Capitol street, Washington, District of Columbia. He acquired the premises by deed September 1, 1892. Defendant is the owner of the premises 418 East Capitol street, and acquired the same by deed November 9, 1923. The properties adjoin, and plaintiff's property is covered by a two-story frame house, the second story of which covers the entire width of the lot and the first story of which is so constructed that an alleyway nearly three feet wide, about thirty feet long, and about nine feet high is left between the outside westward wall of the first story of the house and the outside east wall of the first story of defendant's house. About two feet five inches of the width of the alleyway is a part of plaintiff's lot. The remainder of the width, 0.36 of a foot or about 4⅓ inches, is on a part of defendant's lot. Defendant's second story covers the entire width of her lot and the first story all except the 4⅓ inches embraced in the alleyway. Both houses were erected prior to 1854.

Plaintiff and defendant derived their titles from a common source, namely, from Isaac C. Weed and Nathaniel S. Weed, who together, as tenants in common, held the fee-simple record title to both lots from some time in 1852 until 1854 as to plaintiff's lot, which they conveyed in fee simple together with the buildings, etc., unto one of plaintiff's predecessors in title, and until 1855 as to defendant's lot, when they likewise conveyed it in fee simple together with the buildings, etc., unto one of defendant's predecessors in title.

Plaintiff filed his bill below in February, 1927, in which he prayed for an injunction restraining defendant from in any wise trespassing upon his property by the use of the alleyway; that he be declared to be the sole owner of the alleyway as to the part thereof on his lot; and that his title to the same be quieted of record. Defendant filed an answer and cross-bill, the purpose of which was to obtain a decree declaring and establishing of record a perpetual easement in the use of the alley for the benefit of and in connection with her property.

The case was heard in the court below on the pleadings and on evidence adduced by each of the parties, and the sitting judge, in deciding in favor of the plaintiff, made certain findings of facts by which we are bound. Lawson v. U. S. Mining Co., 207 U. S. 1, 28 S. Ct. 15, 52 L. Ed. 65; Butte & Superior Co.

v. Clark-Montana Realty Co., 249 U. S. 12, 30, 39 S. Ct. 231, 63 L. Ed. 447.

The facts found show that the deeds from the two Weeds in 1854 and 1855 contained no reference to any easement in the alleyway; that there is no evidence to show when the houses were erected, but that there is evidence showing the existence of the alleyway as early as 1866, at which time the houses appeared just as they do now; that in 1892 when plaintiff acquired his property there was a gate in the division fence between the two properties immediately in the rear of the alley, which afforded access to the alley to the occupants of defendant's property; that in 1892 plaintiff nailed up the gate and entirely excluded defendant's predecessor from using the alley; that there is no evidence of actual adverse user by the defendant or defendant's predecessor of the alleyway prior to 1892, except such as might be inferred from the construction of the two houses and the existence of the gate in the line fence; and, as to the period between 1892 and 1911, the sitting judge held that the testimony was conflicting as to the use of the alleyway, but that the defendant had not maintained the burden of establishing continuous adverse user. From 1911 to 1923 plaintiff barred defendant's predecessor in title entirely from use of the alley, and from 1923 to the time of trial defendant had used the alley over the protest of plaintiff.

■■ We have examined the evidence, and while we might have reached a different conclusion from that reached by the sitting judge, we cannot say that his conclusion is wrong or that there is not supporting evidence to sustain it. In this view we are bound to accept the findings of facts made up by him, and we are entirely in accord with his view that the burden of proving continuous, uninterrupted, and adverse user of the alleyway is on the party claiming—here, the defendant. If the evidence leaves it doubtful whether the use was adverse and uninterrupted, the burden is not met. See District of Columbia v. Robinson, 180 U. S. 92, 21 S. Ct. 283, 45 L. Ed. 440.

■ The defendant claims that in spite of the absence of proof of adverse user for the prescriptive period, the manner of construction of the two buildings of itself implies adverse possession for the prescriptive period, and cites Dowling v. Hennings, 20 Md. 179, 83 Am. Dec. 545, to sustain this view; but we do not think that case goes quite that far.

In 1854 the unity of title of the two properties was severed by the sale first of plaintiff's property and afterwards of defendant's property. The deed in each case was a general warranty deed describing the property conveyed by metes and bounds and without any reservation of the use of the alleyway for the benefit of defendant's property, and, as found by the court below, there is no evidence in the record that at the time of the sale of the two properties, or either of them, the alleyway was being used unobstructedly by defendant's predecessor in title.

If the owner of both properties in conveying to plaintiff's predecessor in title had intended to reserve the use of the alley, a reservation should have been included in the deed. There was no such reservation, and in such circumstances, in the absence of proof of necessity, the right to defendant and her predecessors to use the alley cannot be implied. This was held by the Court of Appeals of Maryland in Mitchell v. Seipel, 53 Md. 251, 36 Am. Rep. 404. At page 275 of 53 Md., the court says: "But it has been further argued, there ought to be an implied reservation of this alley, because that part of the house granted by the deed of 1865, which is above the alley, is supported by the wall of the house retained by the grantor. The contention on this point is, that the alley and this support afforded the granted house make a case of reciprocal easements. But we do not see how the fact, that there may be an implied grant of this easement or right of support, can be held to take from the grantee the ground used for the alley, which was expressly granted to him without reservation."

Nor is this case like that of Eliason v. Grove, 85 Md. 215, 36 A. 844. The case there involved the joint use of a well, which the opinion shows had been used by both houses from the time it was built to the day of the suit.

■ This leaves only for determination the question whether the joint use of the alleyway is essential to the enjoyment of defendant's property. The doctrine of necessity in such cases is almost universally confined by the courts to strict necessity. In the present case there is no rear outlet to the property, and the closing of the alley makes necessary the use of the front door for access to and egress from defendant's premises. There is no evidence in the record of necessity, and if defendant's cross-bill be sustained on this ground, it would be necessary to say, without evidence, that the very nature of the construction of the house and the admitted lack of a rear entrance was in itself sufficient on which to ground the presumption.

We think this is going too far. Defendant testified that from 1911 to 1923 she resided in the house she now owns, and that during that period of twelve years she and her aunts used the property without the use of the alley as a means of access to the rear yard.

In Jones on Easements, § 156, it is said: "The term 'necessary' is to be understoood as meaning that there could be no other reasonable mode of enjoying the dominant tenement without this easement."

On the whole case we are of opinion that the lower court was right in holding, as was held, that an implied reservation or grant of an easement can only be said to arise where at the time of the deed or grant the existing servitude is, first, apparent; second, continuous; and, third, strictly necessary to the enjoyment of the dominant estate.

The case is a hard one, and we should prefer to reach a different conclusion; but as we view it, our duty is to affirm the decree of the lower court.

Affirmed.

VAN ORSDEL, Associate Justice, dissents.