447 P.2d 510

**STATE of New Mexico ex rel. STATE HIGHWAY COMMISSION of the State of New Mexico, and Board of County Commissioners of Torrance County, New Mexico, Plaintiffs-Appellants and Cross-Appellees,**

v.

**Paul DANNEVIK and Lorraine M. Dannevik, Defendants-Appellees and Cross-Appellants.**

**No. 8617.**

Supreme Court of New Mexico.

Nov. 25, 1968.

Boston E. Witt, Atty. Gen., Joseph L. Droege, Sp. Asst. Atty. Gen., Santa Fe, for appellants and cross-appellees.

Sutin & Jones, Albuquerque, for appellees and cross-appellants.

## OPINION

NOBLE, Justice.

In 1935, rights-of-way easements were obtained on the east half of the intersection between highways 66 and 41 near Moriarty. At that time, highway plans indicated two large ramps or roadways were to be constructed on the east quadrants for the purpose of connecting the two highways. Easements for the west half of the intersection were acquired in 1951. The plans at that time contemplated that ramps of the same size as those on the east half of the intersection were to be built on the west half. The two west ramps, however, were never constructed. Instead, sometime after 1959, two small ramps were built on the west half of the intersection, but they did not extend to or include any part of the land covered by the 1951 easement in the northwest quadrant. The right-of-way line in that quadrant had been fenced, but at the time of trial the fence was no longer there—only the posts and some highway markers remained.

The pertinent written instrument granted an easement unto "the State of New Mexico, to use the same as a public highway, to construct such public highway along and upon the same * * *." The habendum clause, among others, provided:

"TO HAVE AND TO HOLD the said right and easement for the uses and purposes aforesaid * * * for so long as said right of way shall not be abandoned for highway purposes, but that if the highway over said right of way should at any time be discontinued by non-use thereof for a continuous period of five years * * * then * * * the same shall be considered as having been abandoned within the meaning hereof, and the easement hereby granted shall thereupon terminate."

The Highway Commission brought a declaratory judgment action to determine whether the 1951 easement for the land in the northwest quadrant had terminated. The trial court concluded:

"The easement granted by Exhibit 'A' has terminated by reason of non-use thereof for a continuous period of more than five years, and has been abandoned for highway purposes within the meaning of Exhibit 'A' [,]

and entered judgment determining that defendants were owners of the land unburdened by the highway easement. The Highway Commission has appealed.

We cannot agree with the Commission that the trial court confused the terms "easement," "highway" and "right of way." We have said that the interest acquired by the state or municipalities in streets and highways is described in various terms, but ordinarily what is acquired is an

easement. Hall v. Lea County Elec. Coop., Inc., 78 N.M. 792, 438 P.2d 632. The grant of a right of way is an easement. It is a privilege to use the land for highway purposes. The term "right of way" is merely descriptive of the easement rights. Tallman v. Eastern Illinois & Peoria R.R., 379 Ill. 441, 41 N.E.2d 537.

The Pennsylvania Supreme Court in Merrill v. Mfrs. Light and Heat Co., 409 Pa. 68, 185 A.2d 573, stated the rule for ascertaining the meaning of the language of a grant thus:

" * * * To ascertain the nature of the easement created by an express grant we determine the intention of the parties ascertained from the language of the instrument. Such intention is determined by a fair interpretation and construction of the grant and may be shown by the words employed construed with reference to the attending circumstances known to the parties at the time the grant was made. * * *"

█ In this case, although the Highway Commission made use of the other quadrants, no use was ever made of any part of the northwest quadrant, for which a separate easement was acquired in 1951. While the habendum clause refers to discontinuance of the highway over said right of way by non-use, we conclude that the trial court properly interpreted the clause to mean non-use for five years whether or not the ramp had ever been constructed. It would be unreasonable to construe the instrument to mean that five years non-use after construction constitutes abandonment, but that non-use before construction may be prolonged indefinitely. The stipulated facts support the conclusion that the right-of-way easement over the quadrant was abandoned within the meaning of the written instrument.

Other questions argued have either been resolved by what we have said, found to be without merit, or unnecessary to determine.

The defendants cross-appealed from the court's refusal to grant relief under § 70–1–45, N.M.S.A.1953. The cross-appeal is in the alternative only. Having resolved the principal appeal in defendants' favor, it is unnecessary to consider the cross-appeal.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

COMPTON and CARMODY, JJ., concur.