484 P.2d 1268

**STATE of New Mexico, ex rel. Arturo APODACA et al., Petitioners-Appellants,**

**v.**

**NEW MEXICO STATE BOARD OF EDUCATION et al., Respondents-Appellees.**

**No. 9193.**

Supreme Court of New Mexico.

May 10, 1971.

Ruben Rodriguez, Santa Fe, for petitioners-appellants.

David L. Norvell, Atty. Gen., E. P. Ripley, Special Asst. Atty. Gen., Santa Fe, Chavez & Cowper, Belen, for respondents-appellees.

## OPINION

OMAN, Justice.

Petitioners appeal from a judgment discharging an alternative writ of mandamus. We affirm.

The validity of the consolidation of Belen Municipal School District No. 2, hereinafter called Belen, and La Joya Rural Independent School District No. 5, hereinafter called La Joya, is questioned in these proceedings. Petitioners rely upon three points for reversal. The first point is their claim that as residents of La Joya they have been effectively disenfranchised by the consolidation, contrary to their elective franchise rights as guaranteed by Art. VII, §§ 1 & 3, Constitution of New Mexico.

Their claim is based upon the fact that La Joya lies within the County of Socorro and the Seventh Judicial District, while Belen and the public schools therein, which are presently being attended by La Joya children, are located in Valencia County and the Second Judicial District. Pursuant to Art. XII, § 6, Constitution of New Mexico, one member of the State Board of Education is elected from each of the State's judicial districts which were in existence at the time of the adoption of this section of our Constitution. Thus, if the consolidation be valid, petitioners will vote for the election of a State Board member from the Seventh Judicial District, while the La Joya children will be attending schools presently located within the Second Judicial District from which another State Board member is elected.

It is conceded that members of the State Board of Education are state officers and not local officers. Art. XII, § 6, supra, expressly provides: "The state board of education shall determine public school policy and vocational educational policy and shall have control, management and direction of all public schools, pursuant to authority and powers provided by law." The board's powers and duties relative to the determination of policy, control, management and direction of all public schools in the State are detailed in § 77–2–1, N.M.S.A. 1953 (Repl. Vol. 11, pt. 1, 1968), and § 77–2–2, N.M.S.A.1953 (Supp.1969).

There is nothing in our Constitution or statutes prohibiting a school district from crossing either county or judicial district boundaries. There is no requirement that children attend public schools within the judicial district where they reside, and no prohibition against their attending public schools outside the judicial district of their residence.

The right to vote is not a natural right, but a franchise conferred by organized government. Wilson v. Gonzales, 44 N.M. 599, 106 P.2d 1093 (1940). We find nothing in either § 1 or § 3 of Art. VII of the New Mexico Constitution which suggests there

is thereby conferred on a qualified elector the right to cast his vote for a candidate for the office of State Board of Education from the judicial district in which the elector's child attends public school. His right is to vote for the candidate of his choice for this position, to be elected from the judicial district in which he has voting residence. Art. XII, § 6, supra.

■ The second point relied upon for reversal is the claim that Subsection B of § 77–3–3, N.M.S.A.1953 (Interim Supp. 1970) contravenes the prohibitions imposed by Art. IV, § 24, Constitution of New Mexico, in that it constitutes a special law to consolidate only the Belen and La Joya School Districts. This subsection of our statutes provides:

"The state board may also order consolidation of a school district which has not maintained either a junior or senior high school program for two [2] consecutive years prior to consolidation with an adjacent district which has maintained such programs for the students of both districts upon receipt of a resolution requesting consolidation from each local school board of each school district affected by the consolidation."

There is no question about the applicability of the provisions of this subsection of our statutes to Belen and La Joya and their consolidation, if the prohibition against special laws, as provided in Art. IV, § 24, supra, was not contravened by the Legislature in enacting it. The pertinent portion of Art. IV, § 24 provides:

"The legislature shall not pass local or special laws in any of the following cases: * * * the management of public schools; * * *. In every other case where a general law can be made applicable, no special law shall be enacted."

Petitioners urge that the only school districts affected by Subsection B, supra, are Belen and La Joya. However, the record fails to support this contention. A finding and a conclusion to this effect requested by petitioners were denied by the trial court. In any event, it is apparent from the lan-

guage of the statute that it has applicability to any and all school districts which come within the classification created by the statute. The bases, or reasons, for the classification of school districts affected by the provisions of this statute, as opposed to those school districts not affected thereby, are substantial, and the classification is clearly reasonable within the applicable rules of construction and interpretation. See Board of Trustees of Town of Las Vegas v. Montano, 82 N.M. 340, 481 P.2d 702 (1971); City of Raton v. Sproule, 78 N.M. 138, 429 P.2d 336 (1967); Hutcheson v. Atherton, 44 N.M. 144, 99 P.2d 462 (1940); State v. A., T. & S. F. Ry. Co., 20 N.M. 562, 151 P. 305 (1915).

█ The third point relied upon for reversal is the claim that Subsection B, supra, contravenes Art. II, § 18, Constitution of New Mexico, and the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, " * * * IN THAT IT DENIES PETITIONERS THE EQUAL PROTECTION OF THE LAWS AND ALL DONE WITHOUT DUE PROCESS * * *."

Petitioners' first argument under this point is predicated upon their claim of the invalidity of Subsection B, supra. They state:

"If this consolidation was made under Section 77–3–3B, and it was, * * * then this consolidation is unconstitutional for the reason that Section 77–3–3B made an unreasonable classification for consolidation of school districts, especially since said classification was arbitrarily made to apply only to these two districts and affected them only."

We have already determined the validity of § 77–3–3(B), supra.

Petitioners' final argument is that the trial court concluded that the consolidation could have been legally accomplished under § 77–3–3, supra, without reliance upon Subsection B thereof. Therefore, petitioners say the consolidation must fail because there was no compliance with the requirements of §§ 77–3–9 through 12, N.M. S.A.1953 (Repl.Vol. 11, pt. 1, 1968), concerning the appointment by the State Board of Education of an interim local school board and the subsequent special election of a local school board to govern the newly created or consolidated school district.

██ The trial court also concluded, as have we, that § 77–3–3, supra, was validly enacted. In any event, we are not bound by the trial court's conclusions of law, but may draw our own legal conclusions. Whitehurst v. Rainbo Baking Company, 70 N.M. 468, 374 P.2d 849 (1962). The consolidation having been ordered pursuant to § 77–3–3(B), supra, the provisions of § 77–3–3.1, N.M.S.A.1953 (Interim Supp. 1970), were controlling as to the board which should govern the consolidated district, and the provisions of §§ 77–3–9 through 12, supra, were inapplicable.

The judgment discharging the alternative writ should be affirmed.

It Is So Ordered.

COMPTON C. J., and STEPHENSON, J., concur.