■ HAROLD J. ZENTNER, Appellant, v DOMINIC J. FIORENTINO et al., Respondents.—Order unanimously reversed, on the law, without costs, and judgment granted to plaintiff in accordance with the following memorandum: Plaintiff appeals from an order which dismissed his complaint wherein he sought to enjoin defendants ·from maintaining an existing water line across plaintiff's right of way and which also denied plaintiff's motion for an order directing defendants to remove the water line. On September 14, 1973 plaintiff purchased a roadway 14 feet in width, which bisects four lots owned by defendants. Defendants have an easement over this right of way for the "purposes of ingress and egress in any manner whatever and the right to maintain electric and/ or telephone poles and lines along the aforesaid right of way". In 1972, one year prior to plaintiff's purchase of the right of way, defendants constructed a one-inch plastic water pipe across and under plaintiff's road. As recognized by the trial court, defendants have no express grant of an easement to construct a water pipe across plaintiff's land. Further, since the water pipe in question was installed in 1972, no easement by prescription exists. The trial court dismissed plaintiff's complaint, based on its finding of an implied easement. Implied easements are not favored in the law and the burden of proof rests with the party asserting the existence of the facts necessary to create an easement by implication to prove such entitlement by clear and convincing evidence *(Root v Conkling,* 199 App Div 90; *Warren v Protano, Inc.,* 155 NYS2d 686; 17 NY Jur, Easements & Licenses, § 44; see, also, *Huggins v Castle Estates,* 36 NY2d 427). We conclude that defendants have failed to meet their burden of proof by clear and convincing evidence. There is insufficient proof to show that an easement should be implied either from an existing use at the time of severance of title in the dominant and servient estate or from plaintiff's representation. In addition, on the state of this record there is no proof of strict necessity for this easement, because defendants did not attempt to drill a well or demonstrate that they are unable to connect to their existing water line on their adjoining lot. Rather, it appears that defendants constructed this water line as a matter of convenience. (Appeal from order of Jefferson County Court—injunction.) Present—Cardamone, J. P., Simons, Mahoney, Dillon and Witmer, JJ.