604 P.2d 366

**Juan F. MARTINEZ, Plaintiff-Appellant,**

v.

**Gilbert MARTINEZ and Priscilla Martinez, his wife, Defendants-Appellees.**

**No. 12256.**

Supreme Court of New Mexico.

Dec. 31, 1979.

Anthony Lopez, Taos, for plaintiff-appellant.

Eliu E. Romero, Taos, for defendants-appellees.

## OPINION

EASLEY, Justice.

Appellant brought suit for declaratory relief and for damages involving a claimed easement for ingress and egress over appellee's land. At the close of appellant's case, the claim was dismissed by the trial court. We reverse and remand.

The question is whether appellant has an easement under the circumstances. He bases his claim on any of three alternative theories: by express grant, by implication, or by necessity.

Abutting tracts of land are owned by the parties to the suit. Both parties gained title to the southern portions of their tracts from their father some years ago. All of the property in question was originally owned by their father, who devised his estate to his twelve sons and daughters as tenants in common. The heirs exchanged warranty deeds in 1973 severing the tenancy in common and creating individual ownership in twelve tracts. Appellant and appellee acquired the northern portions of their abutting tracts in this exchange.

Appellant's combined tract, consisting of the tract he first owned and the tract to the north obtained by the division of inherited land, is bounded on the north and west by property owned by non-parties to this action, on the south by a public road, and by appellee's tract on the east. Appellee's combined tract has a public road on the south and another road called the "middle road" along its eastern edge. The middle road was provided by the heirs' father in his will for their common use. The appellant seeks an easement across the northern portion of appellee's inherited tract to use for ingress and egress to and from the middle road. By expending some money and using some of his previously acquired property, appellant could construct a road with access to the public road to the south.

The 1973 warranty deed by which appellant received title to his tract was signed by appellee and provided for "rights of ingress and egress". In fact, all of the twelve deeds exchanged by the heirs contain a similar clause. There is no mention in the deed of a particular road or way. However, the record shows that the parties' father, who owned both tracts until his death in 1973, and then the appellant used a dirt road for thirty years to cross what is now appellee's land to get from the middle road to what is now appellant's land. Appellant argues that the "right of ingress and egress" in his deed refers to this dirt road.

The trial court held that appellant did not have an easement across appellee's land because appellant's use was permissive. The sole basis for this finding was hearsay testimony by appellant's son that his father told him that the parties had a verbal agreement concerning use of the existing road. Appellee urges that a permissive use can never give rise to an easement by prescription. We agree. *Maestas v. Maestas*, 50 N.M. 276, 175 P.2d 1003 (1946); *Hester v. Sawyers*, 41 N.M. 497, 71 P.2d 646 (1937). However, appellant did not claim an easement by prescription in his complaint.

■ A preliminary consideration is the proper construction of "rights of ingress and egress". This phrase has frequently been used interchangeably with the word "access" to express the right of a person to enter, go upon, and return from the lands in question. *See Hacker Company v. Joliet*, 196 Ill.App. 416 (1915); *Commonwealth v. Shapiro*, 41 Pa.Super. 96 (1909). Access is "loosely defined as the right of ingress to and egress from the property via the abutting street or highway." *State v. Danfelser*, 72 N.M. 361, 365, 384 P.2d 241, 244 (1963).

■ But another, more expanded, meaning of "ingress and egress" is evident in the case law: access to the land in question plus the *crossing* of another's land in order to obtain this access. This Court has used "ingress and egress" in this sense. *Kenne-*

dy v. Bond, 80 N.M. 734, 460 P.2d 809 (1969); *Castillo v. Tabet Lumber Company*, 75 N.M. 492, 406 P.2d 361 (1965); *Hughes v. Lippincott*, 56 N.M. 473, 245 P.2d 390 (1952); *Michelet v. Cole*, 20 N.M. 357, 149 P. 310 (1915). A Texas court has specifically stated that "a right of ingress and egress is a right to go upon and across the land of another." *Parker v. Bains*, 194 S.W.2d 569 (Tex.Civ.App.1946).

The deed in question provides for a "right of ingress and egress." Following the above authorities, we hold that this provision gives the appellant the right to cross appellee's land in order to obtain access to his own land. Appellee was the only one of the twelve heirs who exchanged deeds that owned or received land abutting appellant's land. The exchanged deeds could only refer to the heirs' property being divided, not to any third party's land abutting the devised land. Thus, appellant's "right of ingress and egress" can only refer to his right to cross appellee's land to obtain access to his own land.

No particular words of grant are necessary to create an easement. Any words which clearly show intention to grant an easement are sufficient, provided the language is certain and definite in its term. *Kennedy v. Bond, supra; State ex rel. State Highway Commission v. Dannevik*, 79 N.M. 630, 447 P.2d 510 (1968); *Dyer v. Compere*, 41 N.M. 716, 73 P.2d 1356 (1937).

We hold that the language in this deed is certain and definite. An easement is the generic term for a "liberty, privilege, right or advantage which one has in the land of another. (citation omitted.)" *State v. Begay*, 63 N.M. 409, 412, 320 P.2d 1017, 1019 (1958). A right of ingress and egress is descriptive of the easement right. Thus, this Court stated that "[t]he term 'right-of-way' is merely descriptive of the easement rights. (citation omitted.)" *State ex rel. State Highway Commission v. Dannevik, supra* at 632, 447 P.2d at 512. We hold that appellant has an express easement to cross appellee's land in order to obtain access to his land.

In addition, it is the duty of this Court to ascertain and give effect to the intention of the parties. The intention of the parties as gleaned from all the evidence reinforces our holding that appellant has an express easement.

When their father devised his land to his twelve children, he provided in his will that the middle road was "for the common use of all the heirs." This middle road is the one bordering appellee's land from which appellant claims he has access to his northern tract of land. Although appellant's other previously acquired property is bordered on the south by a public road, in order to reach the northern portion of his land appellant would have to build a road through his land and across an irrigation ditch. The southern portion of appellant's land was owned well before the exchange of deeds gave him his northern tract.

At trial, there was testimony to the effect that appellant is not the only heir who received land which could not be reached by the middle road without crossing another of the heir's land. It is clear that the litigants' father did not intend that any of his heirs be landlocked. Their father knew the situation when he executed the will: that, regarding the land being devised, what is now appellant's northern tract could only be reached by crossing what is now appellee's land. The litigants' father stated in his will that the middle road was for the use of all of his heirs. And this intent was reiterated by his twelve children when they included in all of their deeds "rights of ingress and egress." Further, when a common ancestor simultaneously conveys, or when there is partition of a tenancy in common, the implication of an easement is stronger. *See* Rest.Property, § 476(f) (1944); 2 Thompson, *Real Property*, § 356 (1961 Repl.).

The second issue raised by this appeal is the location of appellant's easement. The record shows that the dirt road claimed by appellant as his easement crosses through the middle of appellee's land. The record also states that there was some discussion

between the parties, if not actual use, of a dirt road bordering appellee's land to the north.

■ The trial court held that appellant has no easement because of his permissive use of appellee's land. The parties' agreement went to the location of the easement, not its existence. The parties' behavior can furnish the scope or location of the missing details; it does not permit a disregard of the language in the conveyance. *See* 3 Powell, The Law of *Real Property* § 415, 34, 188, 191 (1979). We therefore remand to the district court for a determination of the location of appellant's easement.

Concluding as we do that there is an express easement in the deed, it becomes unnecessary to decide the questions of easement by implication or necessity.

■ Although findings of fact and conclusions of law were not requested by appellant and not entered in detail by the trial court, we find that the ultimate and controlling facts are not substantially in dispute. We are not, therefore, bound by the trial court's conclusions' of law. *State ex rel. Apodaca v. New Mexico State Bd. of Ed.*, 82 N.M. 558, 484 P.2d 1268 (1971). We address the legal issues because the trial judge applied incorrect principles of law in arriving at his decision.

We reverse and remand.

IT IS SO ORDERED.

SOSA, C. J., and FELTER, J., concur.

PAYNE and FEDERICI, JJ., respectfully dissenting.

PAYNE, Justice, dissenting.

I respectfully dissent. I feel the majority has read more into the deed than the law allows.

The 1973 warranty deed by which appellant received title to his tract was signed by appellees and provides for "rights of ingress and egress." There is no mention in the deed of a particular road or way, nor is there mention of a servient estate supporting the easement. Appellees' warranty deed is similarly worded. There is no easement reserved for appellant in appellees' deed. Appellant argues and the majority agrees that the words "rights of ingress and egress" are certain and definite and that they refer to a specific dirt road across appellees' tract to the middle road.

I agree that no particular words of grant are necessary to create an easement. The words used, however, must clearly show the intention to grant an easement. To be sufficient *the language must be certain and definite in its terms. See Kennedy v. Bond*, 80 N.M. 734, 460 P.2d 809 (1969); *State ex rel. State Highway Commission v. Dannevik*, 79 N.M. 630, 447 P.2d 510 (1968); *Dyer v. Compere*, 41 N.M. 716, 73 P.2d 1356 (1937).

It is unclear if the warranty deed grants appellant the right to enter and return from his own land or appellees' land, or even some third party's land; the warranty deed is not specific or definite on its face. It does not mention any particular road but is only a general statement used in the deeds of all the heirs whether or not they were located next to a public road or other right-of-way.

"The general rule is, . . . that no right in a way, which has been used during the unity of possession, will pass upon the severance of the tenements, unless proper terms are employed in the conveyance to show an intention to create the right de novo." *Michelet v. Cole*, 20 N.M. 357, 362, 149 P. 310, 311 (1915). In the case of *Hughes v. Lippincott*, 56 N.M. 473, 245 P.2d 390 (1952), the Court held that where the description of the property conveyed designates a road or way as a boundary, and the fee to the way is in the grantor, then an easement passes to the grantee.

The law is jealous of easement claims, and the burden is on the party asserting such a claim to prove it clearly. This he must do by showing a grant conferring an easement in express terms, or by necessary implication. *Davis v. Gowen*, 83 Idaho 204, 360 P.2d 403 (1961); *Zentner v. Fiorentino*, 52 A.D.2d 1036, 384 N.Y.S.2d 297 (1976).

The warranty deed does not by its recitation of right of ingress and egress create an easement. The deed does not show the intent to create an easement on appellees' land. The deficiencies of the deed defeat the claim of an easement by an express grant.

Appellant's second claim is that an easement by implication was created. Although the majority does not discuss this theory, it too would be insufficient to support appellant's claim. The requirements for creating an easement by implication are (1) that a separation of the title occur; (2) that the history of the claimed easement has run for a period sufficient to demonstrate its permanency; and (3) that the use of the easement be reasonably necessary for the full enjoyment of the grant. *Venegas v. Luby*, 49 N.M. 381, 164 P.2d 584 (1945). I feel appellant failed to carry the burden of showing reasonable necessity.

Originally, the test was one of absolute or strict necessity. *Douglass v. Lehman*, 62 App.D.C. 264, 66 F.2d 790 (D.C.Cir.1933). If any alternative was available to an easement claimant, no easement would be found. This requirement of absolute necessity has been moderated in most jurisdictions to that of reasonable necessity. The test of necessity in New Mexico is whether the party claiming the easement could, through the reasonable expenditure of labor or money, create an alternative avenue for ingress and egress on his own estate. In the *Venegas* case, we discussed reasonable necessity and stated: "The basis for an easement by implication must be reasonable necessity, as distinguished from mere convenience . . . ." 49 N.M. at 386–87, 164 P.2d at 587.

The record shows that appellant's land is bounded on the south by a public road. Appellant claims that creating access through his own land would be too expensive, in terms of land use and monetary expenditure. Appellant is not entitled to the easiest or most convenient route if he has an alternative. Appellant presented his evidence to the court and failed to prove his claim of an easement by implication. On the basis of the record presented here, I can find no error.

Appellant's third theory was that of easement by necessity which would also fall by the analysis above.

For the reasons set forth, I must respectfully dissent.

FEDERICI, J., concurs.