■ WILLIAM BUCK et al., Respondents, v ALLIED CHEMICAL CORPORATION, Appellant.—Order unanimously reversed, without costs, and judgment granted in favor of defendant, in accordance with the following memorandum: Plaintiffs seek a declaratory judgment determining that they have perpetual rights to water from defendant's private water supply system to be supplied to them at defendant's sole cost and expense, or alternatively, that defendant must supply them with a new water supply system (presumably a well) to their residence. They also seek a permanent injunction prohibiting the discontinuance of the present water supply. Defendant appeals from an order which granted plaintiffs' motion for a preliminary injunction and denied defendant's cross motion for summary judgment. In 1973 plaintiffs paid $8,700 for a "company house" owned by defendant in Tully, New York. The house was supplied with water, as were about 20 others owned by defendant, from a spring and chlorination house owned by defendant and located some 15,000 feet south of plaintiffs' property. Subsequent to the sale to plaintiffs, defendant decided that the cost (which it estimates at $11,000 per year) of maintaining the water supply system for these houses was too expensive and would become more so because of increasing governmental regulation. Accordingly, before selling each of the remaining houses, it drilled a well on each lot to supply it and discontinued the existing water supply from the spring as each well was completed. Plaintiffs' house is now the only property presently served by defendant's spring. Defendant notified plaintiffs in May, 1978 that it intended to terminate water service and it requested that they make alternative arrangements promptly. It has granted them various extensions for that purpose but to date plaintiffs have done nothing. They insist that defendant must maintain this well house, chlorination system and three-mile line to supply them with free water forever after. They base their claim of right on an alleged oral promise made by an unnamed employee of defendant at the time of sale and on a claim that they are beneficiaries of an implied easement on defendant's property. The alleged oral promise to supply the water is unenforceable because of the parol evidence rule (see *Fogelson v Rackfay Constr. Co.*, 300 NY 334) or, if considered separate and distinct from the parties' written agreement, because of the Statute of Frauds (see General Obligations Law, § 5-701, subd a, par 1; *Wahl v Barnum*, 116 NY 87, 98). If plaintiffs are to succeed in this action, they must do so upon their theory of implied easement. It is well settled that when the owner of a tract of land conveys a part of it to another, he impliedly grants all those apparent and visible easements which at the time of the grant are necessary for the reasonable use of the property granted and which are used by the owner of the entirety for the benefit of the part granted *(Paine v Chandler*, 134 NY 385, 387; *Tufts v Byrne*, 278 App Div 783, 784). This rule is based upon the evident and probable intention of the parties to the deed as manifested by the circumstances surrounding the transaction. "The parties are presumed to contract in reference to the condition of the property at the time of the sale, and neither has a right, by altering arrangements then openly existing, to change materially the relative value of the respective parts" *(Lampman v Milks*, 21 NY 505, 507). Nonetheless, implied easements are not favored by the law and the burden of proof rests with the party asserting the existence of the facts necessary to create an easement by implication to prove such entitlement by clear and convincing evidence

*(Zentner v Fiorentino,* 52 AD2d 1036; *Root v Conkling,* 199 App Div 90, 93). Plaintiffs must prove: (1) that there has been unity of ownership and subsequent separation of title, (2) that, before the separation of title, the use giving rise to the easement " 'shall have been so long continued and so obvious or manifest as to show that it was meant to be permanent' " and (3) that the easement is necessary to the beneficial enjoyment of the land granted or retained *(Heyman v Biggs,* 223 NY 118, 125; see, also *Zentner v Fiorentino, supra).* In the case of implied reservations, the easement must be strictly necessary for the use and enjoyment of the land retained by the grantor (see *Zentner v Fiorentino, supra),* but in the case of an easement impliedly granted, plaintiff need prove only that the easement is reasonably necessary to the use and enjoyment of the land *(Paine v Chandler, supra,* p 389). Proof that the easement is a mere convenience will not suffice, however (see *Heyman v Biggs, supra,* pp 125-128). Turning then to plaintiffs' moving papers, it is apparent that plaintiffs have failed to assert any allegation creating an issue of fact on the question of necessity (see *Zuckerman v City of New York,* 49 NY2d 557). They do not state that they are unable to obtain an alternative source of water or indeed that they have even tried to do so (see *Paine v Chandler, supra,* p 389; *Zentner v Fiorentino, supra).* The observation contained in Special Term's decision about water conditions in the Tully area was improper (see *People v Alicea,* 25 NY2d 685, 687; Richardson, Evidence [Prince, 10th ed], §§ 9-11) and is unsupported by anything in the record. Defendant is entitled to judgment declaring that it has no obligation to supply water to plaintiffs. (Appeal from order of Onondaga Supreme Court—summary judgment.) Present— Dillon, P. J., Simons, Hancock, Jr., Callahan and Witmer, JJ.