639 P.2d 1178

**AMOCO PRODUCTION COMPANY,**
Plaintiff-Appellee,

v.

**Leo V. SIMS, Aline Sims, Ellie I. Sims Spears, Bertha Elizabeth Sims Daugherty and Winnie Lea Sims Kennan, Defendants-Appellants.**

No. 13515.

Supreme Court of New Mexico.

Nov. 3, 1981.

Rehearing Denied Nov. 18, 1981.

Kerr, Fitz-Gerald & Kerr, Ernest L. Carroll, Midland, for defendants-appellants.

Atwood, Malone, Mann & Cooter, Paul Cooter, Roswell, for plaintiff-appellee.

## OPINION

RIORDAN, Justice.

This case involves an appeal from a permanent injunction issued by the Lea County District Court which restrained appellant

(Sims) from denying appellee (Amoco) the use of a private road across Sims' property. We reverse and remand.

On August 11, 1952, Edgar Watkins conveyed the surface rights to 640 acres of land in Lea County, New Mexico, to members of the Sims family. The warranty deed reserved to Watkins the oil and gas mineral rights underlying 320 acres of the property along with "the right to ingress and egress for the purpose of developing same." The deed was signed only by Watkins and contained no words of grant or conveyance by Sims. At the time of the Watkins conveyance, Sims owned the surface rights to approximately ten sections of land in the area, portions of which abutted the north and east boundaries of the Watkins tract. The remaining Watkins property was bordered by land belonging to the State of New Mexico. There is no record before us of any grants of easements or of access routes across any of the Sims or State lands into the Watkins property at the time of the conveyance. Subsequently, Sims purchased additional land from the State, and the 640-acre tract became surrounded by property owned by Sims.

A road was constructed across the Sims land in the years following the Watkins transaction by various oil and gas operators. Part of the road is on land owned by Sims at the time of the Watkins transaction, and part of it is on land subsequently acquired by Sims. Sims was paid rentals and damages for the creation and use of the road by previous operators. After the road was built, Amoco obtained an oil and gas lease from Watkins. When Amoco attempted to use the established road to reach the estate, they were prevented from doing so by Sims.

Amoco brought suit in the District Court of Lea County seeking to have Sims enjoined from denying them access to the leased property. The trial court found that the "right of ingress and egress" contained in the 1952 deed gave Amoco an easement across the Sims property. A permanent injunction was issued which restrained Sims from denying "access to the leased lands, so that it may do such work is necessary for the development thereof."

The issues on appeal are: (1) Whether the 1952 warranty deed gives Amoco an express easement across lands owned by Sims; and (2) Whether Amoco is entitled to a "way of necessity" across the Sims land to enable them to reach their leased acreage.

I.

This Court interpreted the effect of a grant of a "right of ingress and egress" in *Martinez v. Martinez*, 93 N.M. 673, 604 P.2d 366 (1979). In that case, the owner of a parcel of land devised it to his twelve children as tenants in common. The children subsequently divided the land among themselves by means of warranty deeds. A road called the "middle road" went through the devised parcel at the time of the father's death, and his will provided for use of it by his children. There was also an existing branch road which led to another area of the land from the "middle road" at the time of the father's death. When the children divided the property, they conveyed to the grantee his or her parcel together with "rights of ingress and egress." This Court held, in a divided opinion, that the grantor had granted an express easement to the grantee involved in the suit, and that the easement was along the existing roads.

*Martinez* was an exceptional case. Generally, such a non-specific grant would not have created an easement. *See Kennedy v. Bond*, 80 N.M. 734, 460 P.2d 809 (1969); *Dressler v. Isaacs*, 217 Or. 586, 343 P.2d 714 (1959). However, the facts in *Martinez* required the application of a different rule of law because "when a common ancestor simultaneously conveys, or when there is a partition of a tenancy in common, the implication of an easement is stronger." *Id.* at 675, 604 P.2d at 368. Here, no presumption in favor of an easement exists. "The law is jealous of easement claims, and the burden is on the party asserting such a claim to prove it clearly." *Id.* at 676, 604 P.2d at 369 (dissenting opinion of Payne, J.).

In the *Martinez* case, the grantors had title as tenants in common to the entire parcel. Upon conveyance, they *granted* easements by deed. In the present case,

Watkins had title to only 640 acres. No evidence was presented which showed that he had an existing easement across lands adjacent to the 640 acres. The deed contained a *reservation* of rights of ingress and egress.

■ A reservation is defined as, "a clause in a deed or other instrument of conveyance by which the grantor creates, and reserves to himself, some right, interest, or profit in the estate granted, which had no previous existence as such, but is first called into being by the instrument reserving it; such as . . . an easement." Black's Law Dictionary 1175 (rev. 5th ed. 1979). *See Johnson v. Peck*, 90 Utah 544, 63 P.2d 251 (1936). Such a reserved easement can be properly conveyed by the grantor to a third party, as happened in this case. Incorrectly, Amoco would have us read this *reservation* as a *grant* by Sims of an easement across all of the Sims properties, even though the deed describes no property except the 640 acres.

In a situation similar to the present one, a grantor granted certain lands reserving "all timber on said lands with the right to go thereon and cut and remove any and all timber . . . [and] the right to build roads for the purpose of removing the said timber on the said lands." *Oliver v. Johnson*, 166 Or. 475, 475, 113 P.2d 430, 430 (1941). The court determined that under those facts no express easement was created across adjacent lands owned by the grantee.

■ The deed in question in this case contains no express grant of easement by Sims. No other facts appear in the record that demonstrate the creation of an express easement. We hold that no express easement was granted over the lands owned by Sims and which lie adjacent to the 640-acre tract. Amoco has an easement over the 640-acre tract for ingress to and egress from that tract for the purpose of developing the underlying oil and gas mineral rights only.

## II.

Amoco's second contention is that they are entitled to a "way of necessity" across the Sims land to their leased acreage.

■■ A way of necessity can only arise where an owner of property severs a portion of his property and the portion retained or sold is cut off from access to a public route by the land from which it was severed. *See Close v. Rensink*, 95 Idaho 72, 501 P.2d 1383 (1972). The essential elements which must be proved include unity of title from which the dominant and servient estates are subsequently created. *See, e.g., Wagner v. Fairlamb*, 151 Colo. 481, 379 P.2d 165, *cert. denied*, 375 U.S. 879, 84 S.Ct. 149, 11 L.Ed.2d 110 (1963), and *2 G. W. Thompson, Commentaries on the Modern Law of Real Property*, §§ 362–368 (repl. 1980).

■ In the present case, Watkins owned 640 acres. Sims owned adjacent lands and so did the State. There was no proof of unity of title at any time in the Watkins land the adjacent lands through which any "way of necessity" could be created. There is no evidence in the record of roadways into or across the Watkins land at the time of the conveyance. Thus, the Watkins tract was already landlocked at the time of the conveyance and this was not the result of the conveyance from Watkins to Sims. Because the Watkins land was homesteaded in earlier years, we might imply that some roadway must have existed at some time prior to the conveyance. However, the evidence is not clear and we are restricted to the record before us. We hold that Amoco did not establish a "way of necessity" across the Sims land to the Watkins tract in this case.

The trial court is reversed and directed to dissolve the injunction.

IT IS SO ORDERED.

EASLEY, C. J., and PAYNE, J., concur.