■ WILLOW TEX, INC., et al., Respondents-Appellants, v GEORGE DIMACOPOULOS et al., Appellants-Respondents. — In an action, *inter alia,* to enjoin the violation of a purported easement, defendants appeal from a judgment of the Supreme Court, Queens County (Hyman, J.), entered September 14, 1983, which, after a nonjury trial, granted plaintiffs an easement over a portion of their property, and plaintiffs cross-appeal, as limited by their brief, from so much of said judgment as, *inter alia,* did not direct defendants to allow plaintiffs to have unrestricted access to their driveway.

Judgment modified, on the law and the facts, to the extent that defendants are ordered to keep the fences which block plaintiffs' access to 23rd Avenue unlocked at all times. As so modified, judgment affirmed, with costs to plaintiffs.

In order to have access to the street from the two fire doors located in plaintiffs' factory building, one must pass over a driveway owned by defendants. Defendants constructed fences on their property along the wall of the factory containing the fire doors which would deprive one exiting from the fire doors from having access to the street.

Trial Term held that plaintiffs have a easement over defendants' property in case of an emergency and ordered defendants to keep the fences unlocked every day from 7:00 A.M. to 9:00 P.M.

Plaintiffs contend that defendants should not be permitted to block their access from the fire doors to. the street during the night. We agree. Accordingly, defendants must keep these fences unlocked at all times so that plaintiffs, their agents, tenants, employees, successors and assignees can have emergency access to 23rd Avenue.

We have reviewed the other contentions of the parties and find them to be without merit. Gibbons, J. P., Weinstein, Brown and Eiber, JJ., concur. [120 Misc 2d 8.]