(March 10, 1986)

■ MICHAEL L. BIGG, JR., Appellant, v WEBB PROPERTIES, INC., Respondent.—In an action, *inter alia,* for a judgment declaring that the plaintiff has an easement by implication on a portion of the defendant's property, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Burchell, J.), dated August 13, 1984, which, *inter alia,* granted the defendant's cross motion for summary judgment dismissing the plaintiff's complaint, and for judgment on the defendant's first counterclaim, and barred the plaintiff from any use of the defendant's property.

Judgment modified, on the law, by adding a provision thereto declaring that the plaintiff has no easement over the common driveway referred to in his complaint *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). As so modified, judgment affirmed, with costs to the defendant.

As a matter of law, the plaintiff failed to show by clear and convincing evidence *(see, e.g., Bergner v Kick,* 85 AD2d 911, *affd* 56 NY2d 795; *Buck v Allied Chem. Corp.,* 77 AD2d 782; *Zentner v Fiorentino,* 52 AD2d 1036) that prior to subdivision and sale to the plaintiff Michael Bigg, Jr., and to the defendant Webb Properties, Inc., the prior owner of the properties in question created a use by which one part of the tract was subordinated to the other or that a reciprocal subordination was created. Specifically, the plaintiff failed to show that, prior to the subdivision of the properties in question, a driveway existed over the border between the two properties. Furthermore, the existence of the alleged easement was not plainly and physically apparent upon reasonable examination, nor was it necessary to the reasonable use and enjoyment of the property. Accordingly, the plaintiff failed to show the existence of an easement by implication *(see, e.g., Abbott v Herring,* 97 AD2d 870, *affd* 62 NY2d 1028; *Jacobson v Luzon Lbr. Co.,* 192 Misc 183, *affd* 276 App Div 787, *affd* 300 NY 697; *Heyman v Biggs,* 223 NY 118, 125; *Willow Tex v Dimacopoulos,* 120 Misc 2d 8, 11, *mod on other grounds* 109 AD2d 740). Since the plaintiff failed to present sufficient evidentiary proof in admissible form to show the existence of a triable issue of fact, the granting of the defendant's cross motion for summary

judgment dismissing the plaintiff's complaint was appropriate *(see, e.g., Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067; *Shaw v Time-Life Records,* 38 NY2d 201, 207). Mollen, P. J., Lazer, Kunzeman and Kooper, JJ., concur.