# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**WILLIAM DEMENT and
BARBARA DEMENT, husband
and wife,**

Plaintiffs-Appellants,

v.                                                                          **NO.   29,287**

**RANDALL CAMP and ANDREA CAMP,
husband and wife, ANTHONY STEVENS
and JACQUELINE STEVENS, husband
and wife, and ALL UNKNOWN
CLAIMANTS OF INTEREST,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY
Frank K. Wilson, District Judge**

The Rose Law Firm, P.C.
Timothy L. Rose
Ruidoso, NM

for Appellants

Richard A. Hawthorne
Ruidoso, NM

for Appellees

# MEMORANDUM OPINION

**VIGIL, Judge.**

Plaintiffs seek a declaratory judgment that they have an easement to use a driveway that separates two lots that Plaintiffs own, and compensatory and punitive damages. [RP 41-46] (A third count was dismissed by stipulation, as was Defendants' counterclaim.) [RP 124] Plaintiffs appeal the district court's grant of summary judgment to Defendants, arguing that issues of material fact remain. This Court filed a notice of assignment to the summary calendar on May 7, 2009, proposing to affirm. Plaintiffs filed a memorandum in opposition to proposed summary affirmance on May 27, 2009, which we have duly considered. We affirm the district court.

Plaintiffs' two lots in Ranches of Sonterra subdivision (Nos. 418 and 421) both abut and have access to Santiago Drive, a public road. [See plat RP 140] Defendants' two lots (Nos. 419 and 420) sit behind Plaintiffs' lots and would not have access to Santiago Drive if not for a driveway located on two narrow, side-by-side strips of land that connect the main portion of Defendants' lots to the road. The strips, known as "pipestems," separate Plaintiffs' two lots. [RP 68, 140] Plaintiffs would like to use the driveway to provide additional access to their lots. They would also like to be able

to cross the driveway to get from one of their lots to the other without having to go on the public road. [RP 36-37, ¶ 11]

Defendants' motion for summary judgment asserts that they own the pipestem portions of their lots in fee simple and that the circumstances demonstrate that the driveway was to serve only their lots. [RP 68, ¶ 7; 72-75] Plaintiffs' amended complaint and their response to the motion for summary judgment assert that the original intent for the driveway easement was that it serve all four lots, not just the two lots owned by Defendants. [RP 42, ¶ 9; 98-99] Plaintiffs contend that the question of which lots the driveway easement was intended to serve is an unresolved issue of material fact, and that summary judgment was therefore improper.

"Summary judgment is a drastic remedy to be used with great caution." *Pharmaseal Labs., Inc. v. Goffe*, 90 N.M. 753, 756, 568 P.2d 589, 592 (1977). "Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Maloof v. Prieskorn*, 2004-NMCA-126, ¶ 6, 136 N.M. 516, 101 P.3d 32; Rule 1-056(C) NMRA. "We must view the pleadings, affidavits, and depositions presented for and against a motion for summary judgment in a light most favorable to the nonmoving party." *Estate of Griego v. Reliance Standard. Life Ins. Co.*, 2000-NMCA-022, ¶ 18, 128 N.M. 676, 997 P.2d 150. "A prima facie showing of summary judgment shifts the burden to

[the] party opposing the motion to come forward with specific material facts that would make a trial necessary." *Maloof,* 2004-NMCA-126, ¶ 6; Rule 1-056(E) NMRA. "Where the movant has made a prima facie showing, the opponent cannot rely on the allegations contained in its complaint or upon the argument or contention of counsel to defeat it. Rather, the opponent must come forward and establish with admissible evidence that a genuine issue of fact exists." *Ciup v. Chevron U.S.A.,* 1996-NMSC-062, ¶ 7, 122 N.M. 537, 928 P.2d 263 (citation omitted). "In a case where the facts are not in dispute, but only the legal effect of the facts is presented for determination, summary judgment may be properly granted." *Meeker v. Walker*, 80 N.M. 280, 283-84, 454 P.2d 762, 765-66 (1969).

> Whether an original landowner intended to convey or reserve an easement in order to provide access to a given tract is a question of fact to be determined from the terms of the conveyance and the surrounding circumstances. Generally, the law does not favor claims of easement and the burden is on the party asserting such . . . claim to prove it clearly.

*Herrera v. Roman Catholic Church*, 112 N.M. 717, 720, 819 P.2d 264, 267 (Ct. App. 1991) (internal quotation marks and citations omitted). "Any words which clearly show intention to grant an easement are sufficient, provided the language is certain and definite in its term." *Martinez v. Martinez*, 93 N.M. 673, 675, 604 P.2d 366, 368 (1979) (citations omitted).

We conclude that Defendants made a prima facie showing for summary judgment, and that Plaintiffs did not come forward with specific material facts that would require a trial. Plaintiffs' first amended complaint for declaratory judgment and damages contains the following allegations, the truth or untruth of which appears to be determinative of Plaintiffs' claim:

> 9.    The original intent for the driveway easement was that it was to serve all four lots that are now owned by the parties.
>
> 10.   There is a common easement on the [driveway] for the use of the owners of lots 418, 421, 419, and 420.  [RP 42]

Defendants' memorandum in support of their motion for summary judgment contains several factual assertions and supporting documents that tend to contradict Plaintiffs' allegations 9 and 10.  They assert that they own the pipestems in fee simple, [RP 68, ¶ 7]  that only utility easements were reserved in the subdivision's declaration of covenants, conditions, and restrictions, [RP 69 ¶ 13]  and that Plaintiffs were informed at the time they purchased their first lot (No. 421) that the driveway was private as to lot nos. 419 and 420.  [RP 70, ¶ 24]  Supporting documents include a copy of the subdivision declarations [RP 77-82] and an affidavit from the real estate agent who sold lot no. 421 to Plaintiffs stating that she told Plaintiffs that they would have no interest in the driveway, but that she would inquire about getting permission from the owners of lot nos. 419 and 420 (of which she was one at the time) for

Plaintiffs to use the driveway. [RP 88-89] When permission could not be secured, the affidavit continues, Plaintiffs proceeded to construct their own driveway off of Santiago Drive. [Id.] Also attached to Defendants' memorandum is a disclosure statement containing the following language: "Because of their 'pipestem' or common driveway configurations, lots . . . 419, 420 . . . may need to construct longer driveways than usual to reach their homes, and in some cases these driveways may be located on shared easements and will require common maintenance among the affected lots." [RP 83-84]

In their argument for summary judgment, Defendants observe that if Plaintiffs only owned one lot, there would be no need to use the driveway, as the lot (either lot no. 418 or 421) abutted and had access to Santiago Drive. [RP 72] Use of the driveway only became an issue after Plaintiffs bought the second lot on the other side of the pipestems and wanted to cross from one of their lots to the other. [Id.] Defendants argue that it is illogical to assume that the developer would have foreseen this situation and would have reserved easements in the driveway for lot nos. 418 and 421 just in case the situation arose. [Id.] Defendants argue that the disclosure statement's reference to "shared easements" and the need for "common maintenance among the affected lots" logically refers only to Defendants' two lots. [RP 72-73]

Plaintiffs' response to Defendants' motion for summary judgment includes an

affidavit of Plaintiff William Dement asserting that the conversation between him and the real estate agent described above never took place. [RP 97] Plaintiffs do not dispute that Defendants own the pipestems in fee simple. Plaintiffs note that the deeds recite that title is "subject to all easements . . . of record." [RP 93, ¶ 4, 102-03] They assert that the declaration of covenants, conditions, and restrictions does not answer the issue of whether the developers intended the easement to serve all four lots. [RP 93, ¶ 4] Referring to the disclosure about the driveways quoted above, Plaintiffs argue that if the developers meant the term "affected lots" to mean only the two pipestem lots, they would have used specific language limiting the maintenance disclosure to the pipestem lots. [RP 93-94, ¶¶ A - C] Further, they point out that the use of the phrase "among the affected lots" rather than "between the affected lots" indicates that more than two lots are involved. [RP 94, ¶ D] Next, Plaintiffs assert that the surveyor told them he intended that all four lots touching the driveway were to have access to it. [RP 98] Finally, Plaintiffs argue that even if lots 418 and 421 had different owners, it would not make sense to prevent the owners from crossing the driveway to go to the other lot, and to prevent emergency vehicles from accessing lots 418 and 421 via the driveway. [RP 99, ¶ 18]

We first conclude that Defendants made a prima facie showing that there were no genuine issues of material fact and they were entitled to judgment as a matter of

law. Among other things, Defendants showed that they owned the pipestems in fee simple. To the extent that it was possible for them to prove a negative, they showed that no easement of record existed aside from the reference in the disclosures to the driveways for some lots in the subdivision being located on "shared easements." Defendants presented evidence of circumstances suggesting that the easement was "shared" only between themselves as the owners of the pipestem lots. That is, the driveway straddled both pipestems and both Defendants were entitled by the shared easement to use the entire width of the driveway, including the portion on the other Defendant's pipestem. The other two lots, 418 and 421, both had ready access to Santiago Drive and thus had no pre-existing need to use the driveway.

We also conclude that Plaintiffs have not satisfied their burden "to come forward with specific material facts that would make a trial necessary." *Maloof,* 2004-NMCA-126, ¶ 6; Rule 1-056(E). Plaintiffs needed to present something more than the bare assertion in their first amended complaint that "[t]here is a common easement on the [driveway] for the use of the owners of lots 418, 421, 419, and 420." [RP 42] They presented no documentation memorializing an easement serving lots 418 and 421 other than a strained interpretation of the reference to "shared easement" and "affected lots" in the property disclosures.

8

In their memorandum in opposition to proposed summary affirmance, Plaintiffs point out that the affidavit of William Dement attached to their response denies that the conversation to which Charlotte Goodwin's affidavit attested ever took place. Plaintiffs argue that this Court, to the extent that it gives credence to Goodwin's affidavit over Dement's, is in effect weighing the evidence. We observe that the affidavits are substantially in agreement. Dement's affidavit states, "That conversation never happened." [RP 105, ¶ 4] His affidavit also states, however, "Because I knew that the law provided me with access to the common driveway easement, I purchased the lot in spite of Ms. Goodwin's assertion to the contrary." [RP 106, ¶ 10] We can only conclude that Dement's statement that the conversation never happened meant that no conversation occurred in which he waived his claim to use of the driveway. We do not interpret Goodwin's affidavit as an assertion that Dement waived his claim; it only states that Goodwin advised him that the driveway was private and he would have no interest in it. [RP 88-89] As Dement's affidavit shows, he chose to disregard Goodwin's advice. Regardless of the opposing views of the affidavits, we note that whether or not Goodwin warned Dement about his lack of any interest in the driveway is not dispositive of the question of whether any such interest existed.

We conclude that this is a case where the dispositive facts are not in dispute, only the legal effect of the facts, and summary judgment is therefore appropriate. *Meeker*, 80 N.M. at 283-84, 454 P.2d at 765-66. The dispositive facts are that Defendants own the pipestems in fee simple, and there is no documentary record establishing an easement other than the ambiguous reference in the disclosure documents to a "shared easement." Given that language establishing an easement must be "certain and definite in its term," *Martinez*, 93 N.M. at 675, 604 P.2d at 368, we conclude that the district court properly ruled that the legal effect of this language was insufficient as a matter of law.

For the reasons set forth above, we affirm the district court.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

10

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**


_____
**ROBERT E. ROBLES, Judge**

11