Ullmark v The Cobourn Corp. (2023 NY Slip Op 00774)

Ullmark v The Cobourn Corp.

2023 NY Slip Op 00774

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

951 CA 22-00106

[*1]WILLIAM ULLMARK AND JAMIE ULLMARK, PLAINTIFFS-RESPONDENTS,
v
THE COBOURN CORPORATION, FORMERLY KNOWN AS THE BUFFALO MOUNT VERNON CORPORATION, AND TOWN OF HAMBURG, DEFENDANTS. MARY E. MALONEY, RONALD B. VINCENT AND SHARON E. VINCENT, APPELLANTS. 

MALONEY & MALONEY, NIAGARA FALLS (MARY E. MALONEY OF COUNSEL), APPELLANT PRO SE, AND FOR RONALD B. VINCENT AND SHARON E. VINCENT, APPELLANTS. 
LONG & PAULO-LEE, PLLC, WILLIAMSVILLE (OLIVIA T. PAULO-LEE OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an amended order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered January 10, 2022. The amended order denied the motion of appellants seeking to, inter alia, vacate a default judgment. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs, owners of a lakefront parcel in defendant Town of Hamburg (Town), commenced this action seeking quiet title to or adverse possession of an adjacent strip of lakefront property, identified in a 1923 subdivision map as a "Lane" (Lane). Defendant The Cobourn Corporation, formerly known as The Buffalo Mount Vernon Corporation (Cobourn), defaulted and, after plaintiffs and the Town entered into a stipulation to preserve the Town's easement over the Lane, Supreme Court granted plaintiffs a default judgment awarding them, inter alia, sole title to the Lane.
After that judgment was entered, an inland neighbor, Mary E. Maloney, and the prior owners of plaintiffs' property, Ronald B. Vincent and Sharon E. Vincent (collectively, nonparties), moved, inter alia, to vacate the default judgment and void the deed issued to plaintiffs. The nonparties contended, inter alia, that they had legitimate property interests in the Lane and that plaintiffs' statements to the contrary, i.e., that no one else had an interest in the Lane or would be affected by their action against defendants, were false and untrue (see CPLR 5015 [a] [3]). The court denied the motion, determining that the nonparties lacked standing to seek vacatur of the default judgment. We now affirm.
Initially, " '[t]o seek relief from a judgment or order, all that is necessary is that some legitimate interest of the moving party will be served and that judicial assistance will avoid injustice' " (Amalgamated Bank v Helmsley-Spear, Inc., 25 NY3d 1098, 1100 [2015], quoting Oppenheimer v Westcott, 47 NY2d 595, 602 [1979]; see generally CPLR 5015 [a]; Woodson v Mendon Leasing Corp., 100 NY2d 62, 68-69 [2003]). "It is the movant's burden 'to show that the prior [judgment] should be set aside by submission of sufficient evidence supporting the grant of such relief' " (Mortgage Elec. Registration Sys., Inc. v Dort-Relus, 107 AD3d 861, 862 [2d Dept 2013]; see Matter of Jean G.S., 59 AD3d 998, 999 [4th Dept 2009]).
Contrary to the contention of the nonparties, they failed to meet their burden of establishing the existence of an express or implied easement that would have provided them with any legitimate interest in the Lane (see generally CPLR 5015 [a]; Amalgamated Bank, 25 NY3d at 1100). With respect to any express easement, the nonparties failed to submit any document affording either Maloney or the Vincents with any express easement on, over or across the Lane. Although a 1932 deed purported to grant all subdivision lot owners an easement over "Beach Lot A" and a "Park," with the intent that those areas would be used for general recreational uses, no mention was made of the Lane as designated in the 1923 subdivision map, and no deed in the record contains any grant of an easement or right-of-way over the Lane to any of the subdivision owners. Neither "Beach Lot A" nor the "Park" encompass the area of the Lane.
With respect to any alleged implied easement, we reject the nonparties' contention that the Lane constituted a "paper street" or the equivalent of a park, providing access to all neighbors on, over and across the Lane (see generally Matter of City of New York, 258 NY 136, 147-148 [1932], rearg denied 258 NY 610 [1932]). "Implied easements are not favored in the law and the burden of proof rests with the party asserting the existence of the facts necessary to create an easement by implication to prove such entitlement by clear and convincing evidence" (Zentner v Fiorentino, 52 AD2d 1036, 1036 [4th Dept 1976]; see Tarolli v Westvale Genesee, Inc., 6 NY2d 32, 34-35 [1959]; Guardino v Colangelo, 262 AD2d 777, 780 [3d Dept 1999]). The nonparties did not meet that burden here. Moreover, "[t]he easement sought to be imposed in the instant case does not flow naturally from the notation used [on the filed map], nor does it necessarily arise by its very nature" (Huggins v Castle Estates, 36 NY2d 427, 432 [1975]).
Further, the nonparties failed to establish that the Vincents, as prior owners of plaintiffs' property, had any legitimate interest in the Lane. Although plaintiffs' claim for adverse possession of the Lane is based on tacking the time of their alleged possession thereof onto an alleged period of adverse possession by the Vincents during the Vincents' prior ownership of the contiguous parcel (see generally Brand v Prince, 35 NY2d 634, 637 [1974]), plaintiffs were never required to prove their entitlement to title by adverse possession due to Cobourn's default. On the nonparties' motion, however, the nonparties had the burden of establishing that the Vincents had an existing legitimate interest in the Lane. Even assuming, arguendo, that the Vincents could assert an adverse possessory interest in the Lane without ever having sought a judicial determination of such an interest, we conclude that the nonparties failed to establish that the Vincents had such an interest (see generally Walling v Przybylo, 7 NY3d 228, 232 [2006]) or that the Vincents intended to retain such an interest after selling their property to plaintiffs and relocating to a different state (see Brand, 35 NY2d at 637; cf. Connell v Ellison, 86 AD2d 943, 944 [3d Dept 1982], affd 58 NY2d 869 [1983]).
Inasmuch as the nonparties failed to establish any legitimate interest in the Lane, we conclude that the nonparties do not constitute necessary parties (see CPLR 1001 [a]). In light of our determination, the nonparties' remaining contentions are academic.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court